UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT C.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C21-5214-MLP

ORDER

## I.    INTRODUCTION

Plaintiff *pro se* seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting the opinion of Gregory Carter, M.D., and declining to consider Plaintiff's eligibility for Division of Vocational Rehabilitation ("DVR") services.[1] (Dkt. # 22.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

---

[1] Where, as here, Plaintiff proceeds *pro se*, the court has "an obligation ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1973 and has at least a high school education. AR at 32. Plaintiff applied for benefits on January 22, 2013, alleging disability as of November 5, 1991. *Id.* at 19, 22. Plaintiff's application was denied initially and on reconsideration. To date, ALJs have conducted four hearings and issued three decisions. Most recently, the Appeals Council remanded the previous decision. *Id.* at 323-26. On remand, the ALJ held the fourth hearing in this matter. *See id.* at 181-220. In June 5, 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-41. In relevant part, the ALJ found Plaintiff's severe impairments of disorder of the cervical spine, carpal tunnel syndrome, left shoulder arthralgia, affective mood disorder, anxiety-related disorder with post-traumatic stress disorder (PTSD), and diabetes mellitus with neuropathy limited him to sedentary work subject to a series of further limitations. *Id*. at 22, 24-25. Based on vocational expert testimony, the ALJ found Plaintiff could perform sedentary jobs existing in significant numbers in the national economy. *Id.* at 32-33. The Appeals Council denied review on March 16, 2020. *Id.* at 7-11. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

ORDER - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

#### A. The ALJ Did Not Err by Discounting Dr. Carter's Opinion

Because Plaintiff filed his application before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Dr. Carter examined Plaintiff on June 11, 2013, and performed a physical examination and conducted a battery of electrodiagnostic and imaging tests. AR at 873-82. Dr. Carter opined "I do think this man is permanently disabled … He should be on social security disability. He will need Medicare coverage as he ages as he will, in all likelihood, experience severe co-morbidity of Type 1 diabetes, even under the best of circumstances." *Id.* at 882. The ALJ gave the opinion "little weight." *Id.* at 29.

The ALJ first discounted Dr. Carter's opinion on the ground the doctor "failed to provide specific functional limitations." AR at 29. The ALJ validly discounted the doctor's opinion on this ground. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("[T]he ALJ determined that Dr. Zipperman did not provide useful statements regarding the degree of Ford's limitations. Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC."). Here, to an even greater extent than Dr. Zipperman's opinion in *Ford*, Dr. Carter's opinion fails to identify any functional limitations. Further, to the extent Plaintiff argues the ALJ should have developed the record with respect to Dr. Carter's opinion, *Ford* forecloses that argument. *See id.* ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Given that the ALJ had years of Ford's mental health records and multiple opinions from non-examining psychiatrists to inform her decision, this duty was not triggered.") (cleaned up). The ALJ accordingly did not err by discounting the opinion on this ground.

The ALJ also discounted Dr. Carter's opinion on the ground it was "assessed after only brief treatment of the claimant." AR at 29. An ALJ must consider the opinions of examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); 20 C.F.R. § 416.927. "When considering an examining physician's opinion … it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Malinda K. R. v. Comm'r of Soc. Sec.*, 2019 WL 4942360, at *2 (W.D. Wash. Oct. 7, 2019) (quoting *Yeakey v. Colvin*, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014)); *see also*

ORDER - 4

*Xiong v. Astrue*, 2010 WL 3715135, at *5 (E.D. Cal. Sept. 15, 2010) ("The ALJ's suggestion that Dr. Damania's report is inadequate because it is the result of a one-time examination leads to the conclusion that the opinions of all examining physicians or psychologists should be discarded, contrary to controlling authority."). Most examining doctors perform one examination, and the ALJ's rationale would preclude consideration of not just Dr. Carter's examining opinion but virtually all examining opinions, including examination opinions the Social Security Administration itself orders. Indeed, the ALJ credited the opinions of other consultative examiners. *See* AR 29-31 (partially crediting the opinions of consultative examiners Samuel Coor, D.O., David Dixon, Ph.D., and Jeffrey Wood, Psy.D., and giving "great weight" to the opinion of consultative examiner Richard Cestkowski, D.O.). The ALJ accordingly erred by discounting the opinion on this ground. However, the error is harmless in light of the other valid reason given to discount the opinion, as discussed above. *See Molina*, 674 F.3d at 1115.

        **B.**     **The ALJ Did Not Err by Declining to Consider DVR Eligibility**

Plaintiff contends the ALJ failed to "consider or mention" a document noting Plaintiff's DVR eligibility, which, Plaintiff argues, "clearly point[s] out that [he] has a disability." (Dkt. # 22 at 2.) The letter Plaintiff refers to indicates those eligible for DVR services "have a physical, mental, or sensory impairment that results in a substantial impediment to employment"; "require DVR services to prepare for, get or keep that matches your strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice;" and "are capable of working as a result of receiving DVR services." AR at 653. Contrary to Plaintiff's view, the letter states DVR services "will be [Plaintiff's] pathway to employment." *Id*. The letter does not identify any functional limitations or otherwise support Plaintiff's allegations. The ALJ accordingly did not err by declining to consider this evidence. *See Howard ex rel. Wolff v.*

ORDER - 5

*Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ "not required to discuss evidence that is neither significant nor probative").

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 14th day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge